# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| LANCE JAY ROBBINS, individually and as trustee of THE ROBBINS MARITAL SETTLEMENT TRUST OF 1994, MII REALTY LLC, and BRICK INVESTMENT, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ALTOPA, INC., MATTHEW WILSON, NICOLE K. WICKER, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

COME NOW Plaintiffs Lance Jay Robbins, individually and in his capacity as trustee of the Robbins Marital Settlement Trust of 1994, MII Realty, LLC, and Brick Investment, L.L.C, (collectively, "Plaintiffs"), by and through undersigned counsel, complaining of Defendants Altopa, Inc., Matthew Wilson, Nicole K. Wicker, and Does 1 through 10, and allege and say as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act"), and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act"). The Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mail, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this Complaint.

1

2. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

3. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, because certain transactions, acts, practices and courses of conduct constituting violations of the federal and North Carolina securities laws occurred within this district, and some of the defendants are located in this district.

**PARTIES**

4. Plaintiff Lance Jay Robbins ("Mr. Robbins") is a citizen and resident of Los Angeles County, California, who made the investment described herein in in Defendant Altopa, Inc. ("Altopa").

5. Plaintiff Lance Jay Robbins is the duly appointed trustee of the Robbins Marital Settlement Trust of 1994 (the "Robbins Trust"), which is organized and exists under the laws of the state of California. Mr. Robins also made the investment described herein in Altopa on behalf of the Robbins Trust.

6. Plaintiff Brick Investment, L.L.C. ("Brick Investment") is a limited liability company organized and existing under the laws of California, with its principal place of business in Los Angeles County, California. Brick Investment made the investment described herein in Altopa.

7. Plaintiff MII Realty, LLC ("MII") is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Franklin County, Ohio. MII the investments described herein in Altopa.

8. Altopa is a corporation organized and existing under the laws of the state of Delaware with its principal office and plant facility in Raleigh, North Carolina.

9. Upon information and belief, Defendant Matthew Wilson ("Wilson") is a citizen and resident of King County, Washington.

10. At all times relevant, upon information and belief, Wilson was an officer and promoter of Altopa.

11. Upon information and belief, Defendant Nicole K. Wicker ("Wicker") is a citizen and resident of Wake County, North Carolina.

12. Upon information and belief, at all times relevant, Wicker was the president and chief officer of Altopa.

13. Plaintiffs are ignorant of the true names or capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 10 inclusive, and therefore sue these Defendants by such fictitious names.

14. Plaintiffs will amend this pleading to allege their true names and capacities once they have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiffs have suffered injury and damages, as herein alleged, which were proximately caused by such Defendants.

15. Plaintiffs further allege that at all times herein mentioned, each Defendant, including Defendants DOES 1 through 10, was the agent, servant, and/ or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the purpose and scope of their authority as such agent, servant, and employee, and with the knowledge, permission, and consent (express or implied) of each of the remaining Defendants.

## FACTUAL SUMMARY

16. This matter involves fraudulent schemes done by Altopa between 2018 and 2019, during which time, all Plaintiffs invested an aggregate of at least $586,580.74 in Altopa according to the schedule set forth below.

17. Altopa, by and through its promoters and officers Wilson and Wicker, described itself to Plaintiffs and its products in the following manner:

   a. "Altopa has developed the world's first electronic apothecary called the Oblend. Our patented platform empowers care providers and their patients to find, customize, and create consistent, personalized products from therapeutic plant-based ingredients on demand."

   b. "Similar to the inkjet printer, Oblend contains replaceable canisters filled with the highest quality botanical extracts and isolates. Based on expert formulations, the Oblend dispenses with lab-validated precision & creates a variety of personalized products such as tinctures, topicals, and inhalants within minutes. Our users can save and share effective recipes with the Oblend community and patients are prompted for feedback as the platform collects data to enhance user experience, patient outcomes & clinical research."

18. To induce Plaintiffs to make their investments in Altopa, Altopa misrepresented to all Plaintiffs that the Oblend machines were fully engineered, fully developed, working, functional, and ready to order.

19. Defendants knew that these misrepresentations were misrepresentations because the Oblend machine was in fact not fully developed, not working, not functional, and not ready to order.

20. These misrepresentations were communicated to Plaintiffs by Altopa's then chief operating officer Wilson and other officers of Altopa.

21. Unaware of these material misrepresentations that materially affected them, and in reliance on the material misrepresentations, Plaintiffs made the following investments on the following dates:

| Investment Date | Investee | Amount Of Investment In Altopa Inc. |
|---|---|---|
| On or about 6/29/2018 | Plaintiff MII Realty, LLC | $20,000.00 |
| On or about 7/2/2018 | Plaintiff Lance Jay Robbins Marital Trust | $130,000.00 |
| On or about 12/18/2018 | Plaintiff Brick Investments, LLC | $250,000.21 |
| On or about 8/29/2019 | Plaintiff MII Realty, LLC | $9,999.63 |
| On or about 8/30/2019 | Plaintiff Lance Jay Robbins | $176.580.90 |

22. On or around November 22, 2019, Plaintiffs visited Altopa's operations facility in Raleigh, North Carolina to inspect the Oblend machines that Plaintiffs were told were fully engineered, fully developed, working, functional, and ready to order.

23. Wicker repeated the aforementioned misrepresentations to Plaintiffs in person on or around November 22, 2019.

24. When Plaintiffs arrived at Altopa's premises, Plaintiffs discovered that the Oblend machines were not fully engineered, not fully developed, not fully working, not fully functional, and not ready to order.

25. Plaintiffs also discovered that the tasks that the Oblend machine were supposed to perform were actually being accomplished by hand by humans, not the Oblend machine.

26. The Defendants, by engaging in the conduct described in this Complaint, have violated the antifraud provisions of the federal securities laws and the North Carolina securities laws.

27. By this Complaint, Plaintiffs seek from Defendants recission of their investment and other civil penalties as allowed under federal and state securities law.

**FIRST CLAIM FOR RELIEF**
**Fraud In The Offer Or Sale Of Securities**
**Violations of Section 12 of the Securities Act**
**(Against All Defendants)**

28. Plaintiffs reallege and incorporate by references all preceding paragraphs.

29. The Defendants, and each of them, by engaging in the conduct described above, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails directly or indirectly: a. with scienter, employed devices, schemes, or artifices to defraud; b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or c. engaged in transactions; practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

30. By engaging in the conduct described above, the Defendants violated Section 17(a) of the Securities Act, 15 U.S.C. § 77l.

31. As a result of the violations alleged herein, Plaintiffs have been damaged in excess of seventy-five thousand dollars ($75,000), said amount to be proven at the trial of this action.

## SECOND CLAIM FOR RELIEF
### Fraud In Connection With The Purchase Or Sale Of Securities
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against All Defendants)

32. Plaintiffs reallege and incorporate by references all preceding paragraphs.

33. The Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter: a. employed devices, schemes, or artifices to defraud; b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

34. Plaintiffs justifiably relied on Defendants' misrepresentations, and said misrepresentations proximately caused Plaintiffs' injuries.

35. By engaging in the conduct described above, the Defendants violated 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.l0b-5.

36. As a result of the violations alleged herein, Plaintiffs have been damaged in excess of seventy-five thousand dollars ($75,000), said amount to be proven at the trial of this action.

## THIRD CLAIM FOR RELIEF
### (Violation of North Carolina Securities Act - N.C. Gen. Stat. § 78A-56)
### (Against All Defendants)

37. Plaintiffs reallege and incorporate by references all preceding paragraphs.

38. As described more particularly above, the shares of stock that were sold to Plaintiffs by Altopa were "securities" within the meaning of the North Carolina Securities Act.

39. Altopa sold securities to Plaintiffs by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

40. Plaintiffs were unaware of the untruths and omissions described more particularly above.

41. Altopa and its officers alleged above cannot show that they did not know, or in the exercise of reasonable care, could not have known of the untrue statements or omissions set forth above.

42. Plaintiffs are informed and believe that Altopa's officers, including Wicker and Wilson, alleged above were "other persons," within the meaning of N.C. Gen. Stat. § 78A-56(c)(2), who materially aided in the transaction violating the North Carolina Securities Act.

43. As such, Altopa, Wicker, and Wilson are jointly liable to Plaintiffs for damages under N.C. Gen. Stat. § 78A-56(b), in an amount in excess of seventy-five thousand dollars ($75,000) said amount to be proven at the trial of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court that:

1. Plaintiffs be granted rescission of all investment agreements and related documents as herein alleged.

2. Defendants be ordered to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest thereon.

3. Defendants be ordered to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in an amount in excess of $75,000 to be proven at the trial of this action.

4. This Court retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

5. The costs of this action, including reasonable attorneys' fees, be taxed against Defendants;

6. Plaintiffs have trial by jury on all issues so triable; and

7. Plaintiffs have such other and further relief as the Court deems just and proper.

Dated: November 19, 2021          Respectfully Submitted,

*s/ Brooke A. Howard*
Brooke A. Howard NC #36584
HOWARD LAW, PLLC
4509 Creedmoor Rd. Suite 201
Raleigh, NC 27612
(919) 446-5193
(919) 882-9757 facsimile
bah@howardlawpllc.com
*Local Civil Rule 83.1 Counsel*

Thomas A. Nitti CA #77590
LAW OFFICES OF THOMAS A. NITTI
1250 6TH Street, Suite 305
Santa Monica, CA 90401
(310) 393-1524
(310) 310-576-3581 facsimile
tnitti@prodigy.net

**ATTORNEYS FOR PLAINTIFFS**