IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-482-BO

| | |
|---|---|
| LANCE JAY ROBBINS, individually and as trustee of THE ROBBINS MARITAL SETTLEMENT TRUST OF 1994, MII REALTY LLC, and BRICK INVESTMENT, LLC, <br> *Plaintiffs*, <br><br> v. <br><br> ALTOPA, INC., MATTHEW WILSON, NICOLE K. WICKER, AND DOES 1 through 10 inclusive, <br> *Defendants*. | ORDER |

This cause comes before the Court on defendants' motion to dismiss [DE 11] the original complaint and plaintiffs' motion [DE 37] to file a second amended complaint. Also pending are two motions to dismiss [DE 21, 23] the Amended Complaint and a motion for judgement on the pleadings [DE 31] regarding the Amended Complaint. The motions are ripe for adjudication. For the reasons that follow, defendant's motion to dismiss [DE 11] the original complaint is denied as moot and the motion to file a second amended complaint [DE 37] is granted. The remaining pending motions are denied as moot.

BACKGROUND

Plaintiffs filed this suit on November 19, 2021 alleging that plaintiffs were fraudulently induced to invest over half a million dollars in securities sold by defendant. Defendants marketed an allegedly patented consumer product, called the Oblend, and allegedly made false statements to plaintiffs about the product in order to induce plaintiffs to invest in Altopa.

Defendants filed a motion to dismiss, citing pleading deficiencies in plaintiffs' original complaint, on February 4, 2022. Plaintiffs filed an Amended Complaint on February 25, 2022. Defendants then filed two motions to dismiss, citing further pleading deficiencies. Plaintiffs retained new counsel in March 2022. Defendants filed a motion for judgement on the pleadings on April 20, 2022. On May 6, 2022, plaintiffs though their new counsel filed a motion to amend their first Amended Complaint. Defendants oppose.

## DISCUSSION

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (internal quotations omitted). Defendants' motion to dismiss [DE 11] plaintiffs' original Complaint is now moot because the Complaint has been superseded by the Amended Complaint on February 25, 2022. Accordingly, the motion to dismiss [DE 11] is denied as moot.

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Unless there is undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of the amendment, permission to amend a complaint should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

Plaintiffs seek permission to amend their complaint for a second time to ameliorate alleged pleading defects raised by defendants' motions to dismiss and motion for judgement on the pleadings. Plaintiffs allege that the Second Amended Complaint cures these defects and provides

2

the level of particularity necessary to proceed with this case on the merits. Defendants argue that further amendment to plaintiffs' complaint would be futile. Without delving into the heart of the merits of this case, the Court disagrees. To promote just and efficient determination of this action, the motion to amend is granted. *See id.*; *Collins v. First Fin. Servs.*, 2015 U.S. Dist. LEXIS 44198 (E.D.N.C., Apr. 3, 2015). All remaining motions relating to the first Amended Complaint are denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiffs' motion to amend [DE 37] is GRANTED. The Clerk is DIRECTED to file DE 37-1 as the Second Amended Complaint. The remaining motions [DE 11, 21, 23, 31] are DENIED AS MOOT.

SO ORDERED, this __12__ day of August, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE