IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-482-BO

LANCE JAY ROBBINS, individually )
and as trustee of THE ROBBINS )
MARITAL SETTLEMENT TRUST OF )
1994, MII REALTY LLC, and BRICK )
INVESTMENT, LLC, )
         *Plaintiffs*, )
)
v. )     O R D E R
)
ALTOPA, INC., MATTHEW WILSON, )
NICOLE K. WICKER, AND DOES 1 )
through 10 inclusive, )
         *Defendants*. )

This is before the Court on defendants' motions [DE 50, 52] to dismiss, defendants' motion [DE 55] for judgment on the pleadings, and plaintiffs' motion [DE 63] to file a sur-reply. These matters have been briefed and are ripe for adjudication.

## BACKGROUND

Defendants are the owners and operators of Altopa, a North Carolina startup that markets the "Oblend," a consumer product designed to blend various cannabis oils into personalized drinks. The Oblend was to be controlled through a smartphone app. Defendants owned the design patent for the Oblend.

Plaintiffs invested over $500,000 in Altopa. Plaintiffs claim defendants deceived them into investing by fraudulently stating that: there was a functioning Oblend prototype and Oblend app that collected users' data, Altopa possessed a functional patent for the Oblend, and Altopa had secured over 1,100 binding presale orders. Plaintiffs claim defendants are liable for federal securities fraud (claim one) and, in the alternative, common law fraud (claim three) and negligent misrepresentation (claim four). Plaintiffs also claim defendants are liable for North Carolina state fraud (claim two)

and, in the alternative, California fraud (claim five) and Washington fraud (claim six). On January 17, 2023, the Court held a hearing in Raleigh, North Carolina.

## DISCUSSION

### I. Statute of limitations

Each applicable statute of limitations includes a "discovery rule," which tolls the statutory period until the actual discovery of the fraud or when a reasonably diligent plaintiff could have discovered the fraud. *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010). "Whether a plaintiff has exercised due diligence is ordinarily an issue of fact for the jury absent dispositive or conclusive evidence indicating neglect by the plaintiff as a matter of law." *Dexter v. Lake Creek Corp.*, No. 7:10-CV-226-D, 2013 WL 1898381 (E.D.N.C. May 7, 2013). There is no conclusive evidence of plaintiffs' neglect, so the Court will not decide this issue now.

### II. Heightened pleading standard for fraud

Defendants seek to dismiss plaintiffs' allegations of fraud pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant Fed. R. Civ. P. 9(b), plaintiffs must plead fraud with particularity by describing "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

A. Securities fraud (claim one)

The Private Securities Litigation Reform Act ("PSLRA") further heightens the pleading standard for a securities fraud claim. It requires plaintiffs to specify each statement alleged to have been misleading and why it was misleading. If an allegation regarding the statement is made on plaintiffs' information and belief, the complaint must present the facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1). The plaintiffs must also state facts that give rise to a strong inference that the defendant acted with the required state of mind. 15 U.S.C. §78u4(b)(2). However, the PSLRA does not require plaintiffs "to set forth facts which, because of the lack of discovery, are in the exclusive possession of the Defendants." *Keeney v. Larkin*, 306 F. Supp. 2d 522, 528 (D. Md. 2003). Rather, to satisfy the PSLRA, plaintiffs' complaint "need only provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud." *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1370–71 (M.D. Fla. 1999). In deciding a motion to dismiss, the Court should engage in a "case-by-case assessment of the complaint as a whole." *Teachers' Ret. Sys. Of LA v. Hunter*, 477 F.3d 162, 174 (4th Cir. 2007).

Specifically, to establish section 10(b) and Rule 10b-5 liability, plaintiffs must prove: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners,*

3

*LLC v. Sci.-Atlanta*, 552 U.S. 148, 157 (2008). Considering the complaint as a whole, plaintiffs provided a reasonable delineation of the underlying acts that allegedly constitute securities fraud.

    a) Material misrepresentation

Among other things, plaintiffs allege that defendants materially misrepresented that: (1) the Oblend was a fully engineered product, (2) Altopa owned the utility patent in the Oblend, (3) the Oblend had a recurring revenue model with high margins, (4) Altopa planned to launch the Oblend in Q2 of 2018, and (5) Altopa had over 1,000 binding presale orders for the Oblend. These allegations are sufficient to qualify as material misrepresentations.

    b) Scienter

"[T]he fact that a defendant publishes statements when in possession of facts suggesting that the statements are false is classic evidence of scienter." *U.S. S.E.C. v. Pirate Inv. LLC*, 580 F.3d 233, 243 (4th Cir. 2009). Defendants were the founders of Altopa, giving rise to the inference that – if the statements were false – they would have had actual knowledge of their falsity.

    c) Connection between misrepresentations and the investment

Plaintiffs allege that defendant's misrepresentations induced them to invest in Altopa. Given the nature of the alleged misrepresentations, and the timing of the investment, the Court finds plaintiffs satisfy what is required from this element.

    d) Justifiable reliance

Justifiable "reliance is a fact-intensive inquiry that is usually inappropriate for a motion to dismiss." *Carlucci v. Han*, 907 F. Supp. 2d 709, 741 (E.D. Va. 2012). The complaint's allegations – if proven true – would probably show justifiable reliance. Therefore, the Court will reserve judgment on this issue until a later stage.

4

Case 5:21-cv-00482-BO   Document 66   Filed 03/13/23   Page 4 of 7

e) Economic loss and loss causation

Plaintiffs must plead that they suffered economic loss and that defendants' misrepresentations caused that loss. *Teachers' Retirement System Of LA*, 477 F.3d at 186. The fact that plaintiffs suffered economic loss is not seriously disputed. Plaintiffs describe their lost investments and allege their losses were a direct and proximate result of the fraudulent conduct of defendants. *Carlucci*, 907 F. Supp. 2d at 724. Those allegations satisfy these final two elements.

Therefore, having met the heightened pleading requirements, plaintiffs' claim of securities law fraud survives defendants' motion to dismiss.

B. Common law fraud (claim three) & negligent misrepresentation (claim four)

If the securities fraud claim fails, plaintiffs allege common law fraud and negligent misrepresentation. All of the elements for common law fraud and negligent misrepresentation are nested within the claim for securities fraud. Therefore, defendants' arguments for dismissal of these claims parrot their earlier arguments and fail for the same reasons.

C. North Carolina fraud (claim two)

To state a claim for fraud under North Carolina law, plaintiffs must allege that defendants made a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 189 (4th Cir. 2007) (citing *Forbis v. Neal*, 361 N.C. 519, 526–27, 649 S.E.2d 382 (2007). Plaintiffs assert a claim of primary liability and secondary liability against all defendants under the North Carolina Securities Act. ("NCSA"). N.C. Gen. Stat. § 78A-56(a)(1)-(2) (primary liability); N.C. Gen. Stat. § 78A-56(c) (secondary liability).

5

The factual allegations satisfying the securities fraud claim also satisfy the North Carolina fraud claim.

   D. California fraud (claim five) & Washington fraud (claim six)

In the event the Court finds North Carolina law does not apply, plaintiffs bring claims under the California and Washington versions of the Uniform Securities Act. Defendants claim that no party suffered any injury in Washington. [DE 56 at 24]. Plaintiffs do not refute this claim. Indeed, plaintiffs concede that "if the Court determines that Washington law does not apply at this early stage, Plaintiffs do not dispute that the claim under the Securities Act of Washington may be dismissed." [DE 58 at 30]. Therefore, plaintiffs claim of Washington fraud (claim six) is dismissed.

Neither party argues whether California law or North Carolina law applies to this matter. The Court will reserve judgment on this issue until it has been fully briefed.

## III.  Motion for judgment on the pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Fed. R. Civ. P. 12(b)(6) standard when reviewing a motion under Fed. R. Civ. P. 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). For the reasons described above, the motion for judgment on the pleadings is inappropriate.

## IV. Sur Reply

Plaintiffs seek leave to file a sur-reply in opposition to defendants' motion to dismiss. Defendants oppose plaintiffs' motion. The Court has considered the parties' arguments and, in its discretion, grants plaintiffs' motion [DE 60] for leave to file a sur-reply.

## CONCLUSION

For the foregoing reasons, defendants' motions [DE 50, 52] are GRANTED IN PART. Claim six alleging Washington state fraud is DISMISSED. The remaining portions of defendants' motions [DE 50, 52] are DENIED. Defendants' motion for judgment on the pleadings [DE 55] is DENIED. Plaintiffs' motion [DE 63] for leave to file a sur-reply memorandum is GRANTED. The clerk is DIRECTED to file the proposed sur-reply at [DE 60] as of the date of entry of this order.

SO ORDERED, this __13__ day of March, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE